# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| DALLAS DEWEESE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10-3483-CV-S-FJG-SSA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

# ORDER

This is a proceeding under Title II of the Social Security Act and for supplemental security income benefits under Title XVI. 42 U.S.C. §§ 401 et seq. and 1381 et seq. Plaintiff's application for benefits was denied initially. Thereafter, plaintiff requested an administrative hearing. On August 14, 2009, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On October 22, 2010, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we

consider evidence that detracts from the Commissioner's decision as well
as evidence that supports it. As long as substantial evidence in the record
supports the Commissioner's decision, we may not reverse it because
substantial evidence exists in the record that would have supported a
contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ failed to conduct a proper credibility analysis under Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984) because he failed to discuss plaintiff's consistent and long-standing work record when discussing his credibility and also because he improperly discredited plaintiff's subjective complaints. Plaintiff also argues that the ALJ failed to fully and fairly develop the record because he omitted relevant lay witness statements despite references to these statements during the hearing.

In assessing plaintiff's credibility, the ALJ is required to apply the five factors outlined by the Court in Polaski v. Heckler, 739 F.2d 1320 (8th Cir.1984): "(1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions." Id. at 1322.

> The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. . . . As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. . . . The ALJ, however, cannot discount Plaintiff's subjective complaints solely because the objective medical evidence does not fully support them [the subjective complaints.]

Qualls v. Astrue, No. 2:09-CV-02026, 2010 WL 1038566, *3 (W.D.Ark. Mar. 1,

2010)(internal citations and quotations omitted). The ALJ in his opinion mentioned the Polaski decision, but he did not discuss these factors in any detail.  Instead the ALJ improperly discredited the fact that plaintiff took only over-the-counter medications and had not sought additional medical treatment for his back pain, because he could not afford the medications or the co-pays for the doctors' visits or medical tests.  In Routh v. Astrue, 698 F.Supp.2d 1072, 1079 (E.D.Ark. Mar. 18, 2010), the Court stated, "[i]n assessing credibility, an ALJ must not draw any adverse inferences about a claimant's symptoms and their functional effects from a failure to pursue regular medical treatment without first considering whether the failure was caused by the claimant's inability to afford treatment or obtain access to free or low-cost medical services. SSR 96-7p." Additionally, the ALJ failed to discuss any of the other Polaski factors such as the plaintiff's daily activities, the duration and frequency of his pain, precipitating or aggravating factors or his functional restrictions.  The ALJ also does not discuss plaintiff's past work record, other than to make note of what types of jobs he has performed in the past.  In Nunn v. Heckler, 732 F.2d 645, 648 (8th Cir. 1984), the court noted that "[a] claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability."  On remand the ALJ should conduct a proper credibility evaluation which fully analyzes the Polaski factors.

Additionally, because it appears that the witness statements were somehow omitted from the record, despite being timely sent to the ALJ, these lay witness statements shall also be considered by the ALJ on remand as well.

Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final

3

decision of the ALJ is hereby **GRANTED** (Doc. # 11) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date: <u>December 19, 2011</u>　　　　　　　　**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge