# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| DALLAS DEWEESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-3483-CV-S-FJG-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner, Social Security | ) | |
| Administration | ) | |
| | ) | |
| Defendant. | ) | |

# ORDER

Currently pending before the Court is plaintiff's Application for Attorney Fees

pursuant to The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. # 11).

Plaintiff has requested fees in the amount of $8,051.50, plus costs of $350 for the filing

fee.

## I. STANDARD

28 U.S.C. § 2412(b) provides in part:

[u]nless expressly prohibited by statute, a court may award reasonable
fees and expenses of attorneys, in addition to the costs which may be
awarded pursuant to subsection (a), to the prevailing party in any civil
action brought by or against the United States or any agency or any
official of the United States acting in his or her official capacity in any court
having jurisdiction of such action.

The statute also states:

Except as otherwise specifically provided by statute, a court shall award to
a prevailing party other than the United States fees and other expenses, in
addition to any costs awarded pursuant to subsection (a) incurred by that
party in any civil action (other than cases sounding in tort), including
proceedings for judicial review of agency action . . . unless the court finds
that the position of the United States was substantially justified or that

special circumstances make an award unjust.

28 U.S. C. § 2412(d)(1)(A).  The statute further provides that:

'fees and other expenses' includes . . . reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee).

28 U.S.C. § 2412(d)(2)(A).

"The Secretary bears the burden of proving the denial of benefits was substantially justified. . . . The standard is whether the Secretary's position is clearly reasonable, well founded in law *and fact*, solid though not necessarily correct."  Lauer v. Barnhart, 321 F.3d 762, 764 (8th Cir. 2003)(internal citations and quotations omitted).

## II. DISCUSSION

Plaintiff seeks an EAJA award for 43.4[1] hours of attorney time.  The hourly rate, adjusted for an increase in the cost of living, is $180.00 for March 2010 to March 2011 and $182.50 for March 2011 to March 2012.

The Government has objected to plaintiff's request for attorney fees, arguing that the defendant's position in this case was reasonable because the ALJ adopted a residual functional capacity which was more restrictive than the one which was suggested by Plaintiff's own treating physicians.  The Government also argues that the fees requested by plaintiff's counsel are excessive.

In reply, plaintiff's counsel argues that the ALJ cannot ignore the Polaski

_____

[1] According to the time records submitted by counsel, the total time billed was 43.6 hours.

Case 6:10-cv-03483-FJG   Document 15   Filed 05/11/12   Page 2 of 6

credibility findings, just because he was justified in giving controlling weight to the treating physician's residual functional capacity.  With regard to the amount of fees requested, plaintiff's counsel states that the administrative record in this case was 737 pages long, the statement of facts exceeded 23 pages in length and the argument section was 14 pages long, consisting of 5 different points on appeal.  Plaintiff's counsel states that the reply brief was an additional 4 ½ pages in length.  Plaintiff's counsel states that even though the issues raised may not be unique, each case has facts which are specific to that case and care must be taken in applying those facts to the issues raised.  Plaintiff's counsel is also seeking payment for an additional 1.3 hours spent preparing the reply suggestions to the Motion for Attorney Fees.

The Court will first address whether the agency's position was substantially justified. "Substantially justified in this context does not mean the same thing as substantial evidence in the context of the underlying proceeding.  Here substantially justified means 'justified to a degree that could satisfy a reasonable person' or having a 'reasonable basis in law and fact.'" Smith v. Astrue, No. Civ. 10-4131, 2012 WL 503915 (D.S.D. Feb. 15, 2012) (quoting Koss v. Sullivan, 982 F.2d 1226, 1229 (8th Cir.1993)). In the instant case, plaintiff's case was remanded because the ALJ failed to conduct a proper credibility analysis pursuant to Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). In this case, the ALJ mentioned Polaski, but failed to discuss the five factors in any detail.  Rather, the Court found that the ALJ improperly discredited the fact that plaintiff took only over the counter medications and had not sought additional medical treatments for his back pain, without considering the fact that he could not afford the medications or the co-pay's for the doctor's visits.  The Court noted that this specifically

3

contradicts SSR 96-7p.  The Court also noted that the ALJ failed to discuss any of the

other credibility factors, such as plaintiff's daily activities, the duration and frequency of

his pain, precipitating or aggravating factors or his functional restrictions.  The ALJ also

did not discuss plaintiff's past work record.  In Smith v. Astrue, No. Civ. 10-4131, 2012

WL 503915, *2 (D.S.D. Feb.15, 2012), the Court noted, "[t]he Commissioner's position

was not substantially justified because it disregarded the Social Security

Administration's own regulations and well-established legal precedent."  In the instant

case, although the ALJ may have adopted a correct residual functional capacity,

mistakes were still made with regard to the credibility analysis. The Commissioner failed

to follow the Administration's own guidelines and also failed to properly apply

established legal precedent.  Accordingly, the Court finds that the Commissioner has

not carried his burden to show that his position was substantially justified.

The Court next turns to the issue of the amount of fees requested.  The

Government argues that plaintiff's fee request is excessive, but does not state which

entries it finds objectionable or suggest by how much the fee should be reduced. In

determining whether a fee request is reasonable, the Court in Johnson v. Barnhart, No.

03-0054-CV-W-REL-SSA, 2004 WL 213183 (W.D.Mo. Jan. 14, 2004), stated:

> [t]he court should consider not merely whether the attorney's work was
> valuable to the client, but whether the issues were novel or complex,
> whether the record is voluminous or the facts are unusually complex,
> whether the attorney's specialized skill or knowledge was required, and
> what the usual number of hours for similar cases are in the area.

Id. at *1.

In the instant case, the administrative record was quite voluminous, spanning a

total of 737 pages.  Plaintiff's medical records comprised 581 pages of this total.

4

Counsel's time records reflect that she spent a total of 14.9 hours working on the Statement of Facts and 14.7 hours working on the brief. Another 5.3 hours was spent preparing the reply brief, for a total amount of 34.9 hours billed on the briefing. The remaining 8.7 hours of time requested was for administrative tasks. However, the Statement of Facts was 22 pages long and the argument section was 14 pages long and raised five separate basis for reversal. In Reed v. Astrue, No. 4:10CV431 TIA, 2011 WL 3943606 (E.D.Mo. Sept. 7, 2011), plaintiff's counsel requested an EAJA fee in the amount of $9,799.60 for 55.8 hours of attorney time. Plaintiff's brief in that case was 15 pages long and contained a two page summary of the medical history, a two page summary of other evidence, a one page summary of the hearing testimony and eight pages of legal argument. The administrative record was 496 pages of which 285 pages were medical records. The Court in that case found the fees requested to be excessive and reduced the fees requested by 15 hours, leaving a total of 31.8 hours subject to reimbursement. The Court also deducted 1.1 hours for administrative tasks and another 1.3 hours for review of standard filings and docket entries filed in every case. Thus, the total amount of fees awarded in that case was $5,707.65.

The Court finds that the voluminous administrative record in this case combined with the numerous arguments raised in the briefing, justifies awarding plaintiff's counsel the fees requested. Accordingly, the Court hereby awards plaintiff's counsel a total of $8,087.50 (42.7 hours x $180.00 + 2.2 hours x 182.50). The Court also awards plaintiff the cost of the filing fee of $350.00.

Additionally, pursuant to Astrue v. Ratliff, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the EAJA fee is subject to offset to satisfy any pre-existing debt plaintiff may owe to the

5

United States. If there is no pre-existing debt, then the fee will be made payable to

plaintiff's attorney based on the fee agreement which plaintiff signed.

Accordingly, it is hereby **ORDERED** that plaintiff's application for attorney fees is

**GRANTED,** and plaintiff shall be awarded payment of $8,087.50 in attorney fees to be

paid by the Social Security Administration and costs of $350.00.


Date:  May 11, 2012                                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                                  Fernando J. Gaitan, Jr.
                                                       Chief United States District Judge